NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VANETTA SIMMONS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

**DEPARTMENT OF TRANSPORTATION,**
*Intervenor*

---

2015-3202

---

Petition for review of the Merit Systems Protection Board in No. NY-0752-15-0109-I-1.

---

Decided: September 22, 2016

---

VANETTA SIMMONS, Jamaica, NY, pro se.

JEFFREY GAUGER, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

JIMMY MCBIRNEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for intervenor. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ELIZABETH M. HOSFORD.

———————————

Before NEWMAN, LOURIE, and CHEN, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Vanetta Simmons appeals the final judgment of the Merit Systems Protection Board (MSPB) dismissing her involuntary retirement appeal.[1] The Board held that Ms. Simmons failed to establish that her retirement from the Federal Aviation Administration (FAA) was involuntary, and dismissed the appeal. We *affirm* the decision of the Board.

## BACKGROUND

Ms. Simmons was employed as a Human Resources Specialist in the Queens, New York office of the FAA. On April 22, 2014, Ms. Simmons was informed that she would be reassigned to a Benefits Operation Center (BOC) in Kansas City, Missouri, as part of a consolidation of regional benefits specialists into the centralized BOC. Ms. Simmons was informed that if she accepted administrative reassignment, she would hold the same position at the BOC, be eligible for relocation expenses, and maintain the same base pay and grade.[2] The reassignment notification letter included a conditional election form; Ms.

———————————

[1] *Simmons v. Dep't of Transp.*, No. NY-0752-15-0109-I-1, 2015 WL 5677177 (MSPB, Sept. 28, 2015) (Final Decision).

[2] Ms. Simmons' gross pay would be reduced to accommodate the lower Kansas City locality adjustment rate.

Simmons was informed that electing reassignment was for planning purposes only.

On April 28, 2014, Ms. Simmons was also informed that she was eligible for special consideration for vacancies at her current duty location in Queens. The FAA explained that hiring officials would consider her application before other candidates if she qualified for a particular vacancy, but did not guarantee selection. The letter also stated that if Ms. Simmons applied for and accepted a lower grade position, the demotion would be considered an "involuntary-management action" for pay retention purposes. On August 15, 2014, Ms. Simmons' manager corrected this information, and informed Ms. Simmons that under the terms of the reassignment, pay retention was unavailable.

On May 2, 2014, Ms. Simmons applied for a Human Resources Specialist position. The hiring manager interviewed Ms. Simmons first, but ultimately selected another candidate. In August 2014, Ms. Simmons applied for a Labor Relations Assistant opening. Ms. Simmons was interviewed by the hiring manager for that position, but was not hired.

On June 20, 2014, Ms. Simmons returned the conditional election form, indicating that she accepted the administrative reassignment. Ms. Simmons wrote on her signed forms that she was accepting the administrative assignment "under duress because [she] was not given the proper information to make a reasonable or rational decision." Ms. Simmons did not report for duty, as scheduled, in Kansas City on January 12, 2015, but instead applied for discontinued service retirement and retired at a reduced annuity, effective January 10, 2015.

Ms. Simmons filed an appeal with the MSPB, asserting that she retired from the FAA involuntarily. Ms. Simmons stated that the reassignment was the result of coercion because the administrative reassignment was not

a valid exercise of agency authority. She also stated that she was provided insufficient and misleading information regarding the reassignment and special consideration hiring authority, and that she was placed on sick leave restriction as an intimidation tactic. She explained that she could not accept reassignment due to financial and familial obligations.

The AJ determined that that although Ms. Simmons made non-frivolous allegations, she did not establish by a preponderance of the evidence that her retirement was involuntary. The AJ found that the FAA established a legitimate and bona fide management reason for reassigning Ms. Simmons and similarly situated employees to the Kansas City office. Further, the AJ determined that Ms. Simmons failed to demonstrate that the agency provided her with inadequate or misleading information. The AJ recognized that personal health and financial issues impacted Ms. Simmons' desire and ability to relocate, but that those factors did make her retirement involuntary. The AJ dismissed Ms. Simmons' appeal.

On appeal, the full Board affirmed the dismissal, holding that the difficult nature of Ms. Simmons' decision did not render it involuntary. Final Decision ¶ 12. The Board also held that Ms. Simmons had not established that she based her retirement decision on misinformation from the FAA. *Id.* ¶ 9.

DISCUSSION

A.

An involuntary retirement is deemed equivalent to forced removal. *Staats v. U.S. Postal Serv.*, 99 F.3d 1120, 1123-24 (Fed. Cir. 1996). The decision to retire is presumed to be voluntary. *Id.* at 1124. Ms. Simmons contends that the FAA's reassignment plan led her to retire involuntarily, and thus was an improper removal action. Ms. Simmons bears the burden of establishing non-

voluntariness by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(A). There are two principal grounds on which a retired employee may overcome the presumption of voluntariness: (1) the retirement was the product of misinformation or deception by the agency; or (2) the retirement was the product of coercion by the agency. *Staats*, 99 F.3d at 1124.

To establish that the agency coerced her into retiring, Ms. Simmons must show "that the agency effectively imposed the terms of [her] resignation or retirement, that [she] had no realistic alternative but to resign or retire, and that [her] resignation or retirement was the result of improper acts by the agency." *Id.* Involuntariness "does not apply to a case in which an employee decides to resign or retire because he does not want to accept a new assignment, a transfer, or other measures that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant for the employee that he feels that he has no realistic option but to leave." *Id.*

Ms. Simmons first asserts that her retirement was coerced by an improper reassignment. For a directed reassignment to be coercive, it must be it must be based on neither a legitimate nor a bona fide management reason, that is, the directed reassignment must have no solid or substantial basis in personnel practice or principle. *Rayfield v. Dep't of Agricul.*, 26 M.S.P.R. 244, 246 (1985). However, if the agency establishes that a reassignment is legitimate, the Board will not review the underlying management considerations that underlie the exercise of agency discretion. *Frey v. Dep't of Labor*, 359 F.3d 1355, 1358 (Fed. Cir. 2004). Ms. Simmons states that the reassignment was not bona fide and based on legitimate management considerations because the benefits specialists located in the FAA's Washington, D.C. headquarters were not required to relocate. Ms. Simmons also stated that prior to April 22, 2014, the agency told her that she would not be reassigned. She stated that the relocation

was unnecessary because her work performance was effective at her regional duty station, and that the centralized BOC in Kansas City was unsuccessful.

The Board found that the FAA presented sufficient evidence to rebut Ms. Simmons' assertions of improper acts. The FAA submitted declarations to show that the headquarters employees performed different functions and that the agency decided to fully consolidate operations in Kansas City after partial centralization failed to realize the desired efficiency gains. Substantial evidence supported the Board's finding that the reassignment was based on legitimate management concerns.

Ms. Simmons states that she was faced with choosing between retiring and relocating to Kansas City, and that she did not want to relocate because the prospect presented her with a difficult personal and financial situation. However, "the fact that an employee is faced with an unpleasant situation or that [her] choice is limited to two unattractive options does not make the employee's decision any less voluntary." *Staats*, 99 F.3d at 1124; *see also Covington v. Dep't of Health & Human Servs.*, 750 F.2d 937, 942 (Fed. Cir. 1984). The Board's ruling that her retirement was not coerced was in accord with precedent.

## B.

Ms. Simmons also states that the FAA provided her with misleading information on which she relied in deciding to retire. For example, Ms. Simmons alleges that agency officials were unprepared for or cancelled meetings, and that they delayed providing information on voluntary early retirement options and incentives (VERA/VSIP). Ms. Simmons also states that the offer of special consideration for other positions was misleading because she did not receive special consideration and the agency did not assist her in finding a new regional placement. She also states that she received inaccurate infor-

mation about the availability of pay retention for demotions to a lower grade position.

The Board found that Ms. Simmons had not shown that she relied on any of the alleged misleading information in deciding to retire. Ms. Simmons retired eight months after the information about voluntary early retirement and incentive programs was provided and five months after the inaccurate pay retention information was corrected. The FAA submitted declarations from the hiring officials explaining that Ms. Simmons received initial consideration and interviews as promised, although she was not selected.

The Board's findings that Ms. Simmons had not relied on misleading information and that her retirement was not coerced were supported by substantial evidence, and in accordance with law. The dismissal of the appeal is affirmed.

No Costs.

**AFFIRMED**